UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CNY FAIR HOUSING, INC., and
RYAN PITCHER,

      Plaintiffs,

v.

JAMESVIEW APARTMENTS, LLC.,
MARY ANN CONTI, JOSEOH CONTI,
PAUL "DOE", (the last name "DOE" being
fictitious and intended to designate the rental
agent for Jamesview Apartments, LLC).

      Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES**

Case No.: 5:18-cv-01321 (GTS/TWD)

**JURY TRIAL DEMANDED**

## SPECIFIC DENIALS AND RESPONSES

Defendants, Jamesview Apartments, LLC., Mary Ann Conti, and Joseph Conti, by their attorney, STUART J. LaROSE, ESQ., respond to the plaintiff's complaint as follows:

1. The defendants Jamesview Apartments, LLC., Mary Ann Conti, and Joseph Conti admit the allegations contained in paragraphs 1, 8, and 22 of the complaint.

2. The defendants named above admit so much of paragraph 11 as states that Jamesview Apartments, LLC., is an active New York State domestic limited liability company with its principal executive offices at 210 Cleveland Ave., Liverpool, NY 13090, and that Jamesview Apartments, LLC., owns the Jamesview Apartments located at 1025 James St., Syracuse, NY 13203, and denies the balance of paragraph 11.

3. The defendants named above admit so much of paragraph 13 as states that Joseph Conti is a property manager for Jamesview Apartments.

4. The defendants named above admit so much of paragraph 14 as states that Paul "Doe" assists in the rental of apartments as Jamesview Apartments, and deny the balance of paragraph 14.

5. The defendants named above deny paragraphs 5, 6, 7, 36, 46, 52, 53, 54, 55, 57, 58, 59, and 60 as the allegations in these paragraphs require a legal conclusion that is the prerogative of the court and therefore denies the same.

6. The defendants named above deny the allegations contained in paragraphs 2, 3, 4, 12, 15, 16, and 36.

7. The defendants named above have insufficient information to form a belief to admit or deny paragraphs 9, 10, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 34, 35, 37, 38, 39, 41, 42, 44, 47, 48, 49, and 50 and therefore deny the same.

8. The defendants named above admit so much of paragraphs 29, 30, 31, 32, 33, 40, and 43 as states that conversations did occur in September, October, and November 2016 by telephone answered by Mary Ann Conti, but the defendant Mary Ann Conti does not have a specific recollection of the conversations alleged in these paragraphs.

9. The defendant named above admit so much of paragraph 45 as states that a telephone conversation may have occurred between Joseph Conti and a third party on or about December 9, 2016, but the Defendant Joseph Conti does not have a specific recollection of the conversations alleged in this paragraph.

## DEFENSES AND AFFIRMATIVE DEFENSES

Be pleading the following defenses, as provided for pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendants does not concede that it possesses or assumes the burden to prove each or any of them. Defendants maintain that Plaintiffs retain the burden of proof on all matters necessary to state and sustain the claims asserted in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust administrative remedies for some or all of their claims.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over some or all of Plaintiff's claims.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to comply with time limits for pursuing administrative and judicial remedies for housing discrimination complaints.

### FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the statute of limitation, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

### SIXTH AFFIRMATIVE DEFENSE

The decisions Plaintiffs challenge were based upon proper, lawful, and reasonable business factors.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiffs lack standing to pursue the claims asserted in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a prima facie case under any of the claims or causes of action they have asserted; in the alternative, assuming Plaintiffs have asserted a prima facie case, all conduct and actions on the part of the Defendants concerning Plaintiffs were wholly based on legitimate, non-discriminatory reasons.

### NINTH AFFIRMATIVE DEFENSE

Defendants deny Plaintiffs are entitled to recover any damages or other relief; in the alternative, upon information and belief, Plaintiffs' damage claims are barred in whole or in part by reason of their failure to mitigate their alleged damages and/or the doctrine of after-acquired evidence; further, in the alternative, to the extent Plaintiffs have mitigated their damages, Defendant is entitled to a credit or set-off.

### TENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendants assert all applicable statutory limitations with respect to the Plaintiff's damage claims.

WHEREFORE, Defendants JAMESVIEW APARTMENTS, LLC., MARY ANN CONTI and JOSEPH CONTI, pray the Court enter an ORDER:

1. Dismissing the plaintiff's complaint and each and every cause of action alleged theren;

2. Enter a finding that the defendants named above have not committed any violation of federal or state discriminatory housing practices;

3. Deny the plaintiff's request for attorney's fees and compensatory damages; and

4. Award the defendants named above such other and further relief as this Court deems just and proper.

## JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, defendants named above demand a trial by jury of all issues triable in this matter.

Dated: February 15, 2019

*[signature]*
STUART J. LaROSE
Attorney for Defendants
    Jamesview Apartments, LLC.
    Mary Ann Conti
    Joseph Conti
Bar Roll No.: 507477
Office and P.O. Address
Suite 315
247 West Fayette Street
Syracuse, New York  13202-2200
Tel: (315) 428-1000
Fax: (315) 428-1002
slesq@aol.com